UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRED D. ROBINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-CV-00376-SEP |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Kilolo Kijakazi, the Acting Commissioner of Social Security, denying the application of Plaintiff Fred D. Robinson for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Because there is substantial evidence to support the decision denying benefits, the Court will affirm the Commissioner's denial of Plaintiff's application.

**I.    BACKGROUND**

On December 10, 2014, Plaintiff applied for DIB and SSI, alleging that he had been unable to work due to disability since June 2, 2005.  (Tr. 130-35).  Plaintiff alleged disability due to brain disease, back pain, poor circulation, blindness, headaches, loss of vocals, chest pains, lack of sleep, tingling feelings, and body shakes.  (Tr. 133).  His application was initially denied (Tr. 149) and Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ).  (Tr. 198).  On January 24, 2017, the ALJ held a hearing on Plaintiff's claim. (Tr. 89).

Plaintiff was 49 years old at the alleged onset date.  Plaintiff, who was represented by counsel at his hearing before the ALJ, testified that he can drive, but does not do so often.  (Tr. 39).  He further testified that he is unable to work because he hurt his back moving carpet in 2005, and he had a stroke several years ago, which was still causing him difficulties in 2017,

---

[1]  Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted as the Defendant in this case.  No further action is needed for this action to continue.  *See* 42 U.S.C. § 405(g) (last sentence).

including dizziness, headaches, muscle twitches, and pain.  (Tr. 39-40).  He also testified that he does household chores, like laundry, dishes, and mowing the lawn.  (Tr. 44).  He testified that he lies down about 80 percent of an average day.  (Tr. 49).

In a partially favorable opinion issued on March 21, 2019, the ALJ found Plaintiff was not disabled as defined in the Act during any time through the date Plaintiff was last insured for purposes of the Act, but that he became disabled on January 13, 2017.  (Tr. 11-27).  Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council.  (Tr. 185).  On February 4, 2020, the SSA's Appeals Council denied his Request for Review.  (Tr. 1-6).  Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Acting Commissioner of the Social Security Administration.

As to Plaintiff's testimony, work history, and medical records, the Court accepts the facts as provided by the parties.

## II.     STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992).  The Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a); [2] *see also McCoy v. Astrue*, 648

---

[2]  All references throughout this opinion are to the version of the regulations that was in effect as of the date of the ALJ's decision.

F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process).  At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611.  At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *McCoy*, 648 F.3d at 611.  At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings").  20 C.F.R. §§ 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611.  If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process.  20 C.F.R. §§ 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" (RFC), which is "the most a claimant can do despite [his or her] limitations."  *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e).  At Step Four, the Commissioner determines whether the claimant can return to his past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step.  *Id.*  At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if he cannot make such an adjustment, he will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled.  *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform.  *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III.   THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date, June 2, 2005; that Plaintiff has the severe impairments of residuals of a cerebrovascular accident, including aphasia, major depression, generalized anxiety disorder, and panic disorder with agoraphobia; and that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 14). The ALJ found that prior to January 13, 2016, Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), except that he can never climb ladders, ropes, or scaffolds, and may occasionally climb ramps or stairs; can occasionally stoop, kneel, or crouch, or crawl; he is limited to frequent use of his non-dominant upper extremity (hand) for fine and gross manipulation; he must avoid exposure to workplace hazards such as unprotected dangerous heights and dangerous machinery, extreme cold or whole body vibration; he must avoid jobs that would require ambulation on unimproved terrain; and was limited to jobs involving simple and/or repetitive tasks. (Tr. 17). The ALJ went on to find that on and after January 13, 2016, Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), except that he can never climb ladders, ropes, or scaffolds, and may occasionally climb ramps or stairs; can occasionally stoop, kneel, or crouch, or crawl; he is limited to only occasional use of bilateral upper extremities (hands) for fine and gross manipulation; he must avoid exposure to workplace hazards such as unprotected dangerous heights and dangerous machinery, extreme cold or whole body vibration; he must avoid jobs that would require ambulation on unimproved terrain; and was limited to jobs involving simple and/or repetitive tasks. (Tr. 21). The ALJ attributed the change in Plaintiff's RFC in part to the injuries Plaintiff sustained in an automobile accident in January 2016. *Id.*

The ALJ determined that Plaintiff met the insured status requirements of the Act through September 30, 2015, so Plaintiff would have to show that he became disabled before that date to be entitled to benefits. (Tr. 14). *See* C.F.R. § 404.130 (claimant has the burden to show that he is disabled prior to the expiration of his insured status). The ALJ further found that Plaintiff was unable to perform any of his past relevant work. (Tr. 24). But considering Plaintiff's age, education, and work experience, and in reliance on the testimony of a vocational expert (VE), the ALJ found that, prior to January 13, 2016, Plaintiff was able to perform certain occupations that

4

existed in significant numbers in the national economy, including retail clerk (Dictionary of Occupational Titles (DOT) No. 299.677-010, light exertion level, 4,000,000 jobs in the national economy), janitor (DOT No. 323.687-014, light exertion level, 900,000 jobs in the national economy), and dining attendant (DOT No. 311.677-010, light exertion level, 430,000 jobs in the national economy). (Tr. 26). The ALJ concluded that Plaintiff was not disabled, as defined in the Act, from the alleged onset date through September 30, 2015, which was the date Plaintiff was last insured under the Act. (Tr. 27). The ALJ further determined that, beginning on January 13, 2016, Plaintiff could perform no jobs that existed in significant numbers in the national economy, and he was disabled under the Act after that date through the date of the decision. (Tr. 26).

## IV.   STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942. *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means— and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' ") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's

5

findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.    DISCUSSION

Plaintiff challenges the ALJ's decision, asserting that the ALJ failed to properly evaluate his mental limitations, and the decision was not supported by substantial evidence on the record. Defendant argues that the ALJ properly evaluated his mental limitations in a manner consistent with the SSA's regulation and policies, included all supported limitations in the RFC, and that substantial evidence supports the ALJ's determination.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. As long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs. Based on a careful review of the record, and for the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and further finds that the record as a whole reflects substantial evidence to support the ALJ's decision. *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## VI.    CONCLUSION

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record. Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.


Dated this 11th day of March, 2022.


_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

.